UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
HENRY HUSEYIN CUHADAR, GURHAN ERGEER,
and MAUREEN FREDERIQUE, *individually and on
behalf of others similarly situated*,

                        Plaintiffs,

        -against-

SAVOYA LLC, and DOES 1 THROUGH 50, inclusive,

                        Defendants.

------------------------------------------------------------------------x

**OPINION & ORDER**

24-CV-3615
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

Plaintiffs Henry Huseyin Cuhadar, Gurhan Ergezer, and Maureen Frederique,[1] on behalf of themselves and others similarly situated (together, "Plaintiffs") commenced this action on May 17, 2024 alleging that Defendant Savoya LLC misclassified Plaintiffs as independent contractors and, as a result, have failed to remit minimum wage, overtime wage, and spread-of-hours pay in contravention of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). *See generally* Dkt. No. 1, 19. Plaintiffs also bring state law claims for unlawful deductions, improper kickback of wages, and violations of wage notice and statement requirements. *Id.*

Currently before this Court is Plaintiffs' request to lift a stay of discovery imposed by this Court on July 25, 2024 or, in the alternative, for an award of equitable tolling. *See* Dkt. No. 21. Defendant opposes the requested relief. Dkt. No. 23. For the reasons set forth below, Plaintiff's request is **GRANTED in part** and **DENIED in part**. This action remains stayed pending the resolution of Defendant's motion to dismiss. Therefore, in the interest of fairness, the Court holds

---

[1] The Court notes that, while originally named in the Complaint, Maureen Frederique was removed from the caption of the Amended Complaint (Dkt. No. 19) and no longer figures as a party referenced in the Amended Complaint. No notice of voluntary dismissal has been filed as to Maureen Frederique. The Court therefore continues to list Maureen Frederique as a Plaintiff in this action.

that the statute of limitations will be tolled for a period between September 11, 2024 and the date of the resolution of Defendant's motion to dismiss.

## I. BACKGROUND

Defendant operates a nationwide "chauffeured limousine and luxury car transportation business" providing ground transportation services to high-end clients in New York City. Dkt. No. 19 at ¶¶ 1, 18. Plaintiffs are current and former drivers affiliated with Defendant who purport to have been intentionally misclassified as independent contractors. *Id.* at ¶¶ 5, 52. Specifically, Plaintiffs allege that Defendant misclassified Plaintiffs as independent contractors to justify the denial of minimum wage and overtime compensation due to its drivers, avoid remitting payment as reimbursement of costs incurred during the course of the parties' relationship, and abstain from reporting and recordkeeping requirements mandated by state and federal law. *Id.* In support of their claims, Plaintiffs point to Defendant's "extensive control" over them—including, *inter alia*, work assignments, penalization structures, and dress code requirements. *Id.* at ¶¶ 20-25. In sum, Plaintiffs purport to have been employees of Defendant's business deserving of federal and state protections—and not independent contractors. *Id.* at ¶ 18.

On July 23, 2024, Defendant filed a pre-motion conference letter in anticipation of its motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. No. 12. In its submission, Defendant also requested a stay of discovery pending a decision on its motion to dismiss—noting that its forthcoming motion "will present meritorious and dispositive threshold challenges to the viability of [this] action." *Id.* at 3.

On July 25, 2024, a pre-motion conference was held before the undersigned. *See* Minute Entry dated July 25, 2024. During the conference, the Court adopted a briefing schedule for Defendant's forthcoming motion to dismiss and granted a limited stay of discovery until August

20, 2024—a date when the Court intended the reassess whether a more substantial stay of discovery was warranted.  Following the filing of an Amended Complaint (Dkt. No. 19), the Court held a status conference.  *See* Minute Entry dated August 20, 2024.  Following the conference, the Court maintained the stay of discovery but granted the parties leave to file a letter-motion addressing whether the stay should be lifted and whether equitable tolling is warranted in this action.  *Id.*

On August 28, 2024, Plaintiffs filed a letter-motion requesting that this Court (i) permit limited discovery as to the identification of members of the collective action and (ii) toll the statute of limitations as the putative members of the collective and class.  Dkt. No. 21.  In support, Plaintiffs assert that Defendant has failed to assert sufficient facts to warrant a stay of discovery pending the resolution of the motion to dismiss.  *Id.* at 1.  Plaintiffs assert that Defendant has failed to make a showing that Plaintiffs' claims lack merit—a threshold requirement imposed by a three-factor test applied by courts within the Second Circuit.  Further, Plaintiffs assert that their request for pre-certification discovery is narrow with a minimal burden.  *Id.* at 2.  Finally, Plaintiffs assert that unfair prejudice would ensue where the interests of potential putative collective/class action members ("Opt-in Plaintiffs") may succumb to the FLSA's statute of limitations while Defendant's motion remains pending.  *Id.*  To that effect, Plaintiffs argue—in the alternative—that a grant of equitable tolling is warranted should the court decline to lift the stay of discovery.  *Id.*

Defendant opposes Plaintiffs' request and asserts that there are substantial arguments for dismissal rooted in the dispositive nature of their forthcoming briefings.  Dkt. No. 23.  Specifically, Defendant argues that it seeks dismissal based on an alleged forum selection clause incorporated within a document governing the relationship between the parties.  *Id.* at 1-2.  Further, Defendant expresses concern that the nomenclature used by Plaintiffs—"initial discovery" (*see e.g.* Dkt. No.

3

21, at 2)—signals the potential for further burdensome discovery should a stay be lifted, especially in the course of dispositive motion practice. *Id.* Finally, Defendant opposes an grant of equitable tolling—noting that Plaintiffs have engaged in dilatory conduct by filing an action in this District which alleges conduct governed by a purportedly-enforceable forum selection clause. *Id.* at 3.

## II. DISCUSSION

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167 (SLT), 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a stay of discovery pending a motion, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id*. (citation omitted). "The decision to continue or lift a stay is a matter within this Court's discretion" and the Court should keep in mind the factors it considered in "ordering the stay in the first place." *In re Kind LLC "Healthy & All Natural" Litig.*, No. 15-MC-2645 (WHP), 2019 WL 542834, at *2 (S.D.N.Y. Feb. 11, 2019); *Brinkmann v. Town of Southold, New York*, No. 21-CV-2468 (LDH) (JMW), 2022 WL 3912974, at *1 (E.D.N.Y. Aug. 31, 2022). It is well established that "[t]he filing of a dispositive motion in and of itself does not halt discovery obligations," and "a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion." *Ruocchio v. Panera LLC*, No. 2:20-CV-2564 (DG) (JMW), 2023 WL 2403627, at *2 (E.D.N.Y. Mar. 8, 2023).

4

### A. Stay of Discovery

#### i. The First Factor Favors a Stay of Discovery

This Court begins by determining whether Defendant has made a strong showing that Plaintiffs' claim is unmeritorious. Defendant seeks to dismiss Plaintiffs' claims by arguing, *inter alia*, that a forum selection clause contained in a contract governing the parties' relationship bars Plaintiffs' claims in this action. Dkt. No. 15, at 2. In determining whether to dismiss a claim based on a forum selection clause, the Second Circuit employs a four-factor analysis set forth in *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007). At the first three steps, a court asks whether (1) the clause was "reasonably communicated to the party resisting enforcement;" (2) the clause is "mandatory [ ] i.e., . . . whether the parties are required to bring any dispute to the designated forum," rather than permissive; and (3) "the claims and parties involved in the suit are subject to the forum selection clause." *Id*. at 383. If the answer to all three questions is yes, the clause is "presumptively enforceable." *Midamines SPRL Ltd. v. KBC Bank NV*, 601 F. App'x 43, 45 (2d Cir. 2015) (quoting *Phillips*, 494 F.3d at 384); *Garcia v. S. Grover, CPA, PLLC*, No. 18-CV-3000 (AT) (RWL), 2018 WL 5818106, at *2 (S.D.N.Y. Oct. 19, 2018). At the final step, a resisting party can rebut the presumption of enforceability by making "a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Phillips*, 494 F.3d at 383-84 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

As to the first factor, Defendant may argue that the clause was reasonably communicated to Plaintiffs. Defendant, in its pending motion to dismiss, attached as Exhibit A a copy of a "Vendor Service Agreement" (the "Agreement") purporting to govern the parties' relationship.

5

Dkt. No. 22-2.[2] The forum selection clause at issue, located page 9 of the Agreement, reads as follows:

> This Agreement will be governed by and construed in accordance with the laws of the State of Texas, without giving effect to any choice of law or conflict of law provision or rule. The courts of competent jurisdiction located in Dallas County, Texas shall have sole and exclusive jurisdiction over any proceeding relating to or arising out of this Agreement.

*Id.* at 9. Plaintiff Henry Cuhadar's signature is affixed to the signature page for the Agreement. *Id.* at 10. The language of the Agreement also charges Mr. Cuhadar as certifying that the contents of the Agreement are true and correct. *Id.* at 1.

In light of the above, a court may deem the forum selection clause to have been reasonably communicated to Mr. Cuhadar. *See Garcia v. S. Grover, CPA, PLLC*, 2018 WL 5818106, at *2 (finding that a signature affixed to an agreement with express charging language favored a finding that a forum selection clause was reasonably communicated to its signatories) (citing *Lahoud v. Document Techs. LLC*, No. 17-CV-1211 (PKC), 2017 WL 5466704, at *4 (S.D.N.Y. Nov. 14, 2017) (finding forum selection clause was reasonably communicated where plaintiff executed the agreement and signed his initials beneath forum selection clause) and *Ujvari v. 1stdibs.com, Inc.*, No. 16-CV-2216 (PGG), 2017 WL 4082309, at *8 (S.D.N.Y. Sept. 13, 2017) (A forum selection clause may be deemed reasonably communicated "where the clause at issue appears as a standard section in the main body of an agreement signed by plaintiff and is phrased in both clear and unambiguous language.")). While the Agreement does not expressly reference Plaintiff Gurhan Ergezer, the Amended Complaint makes clear that the Agreement likely governed Plaintiffs'

---

[2] The Court notes that, while this Exhibit was not attached to the parties' briefings regarding a stay of discovery, the Exhibit was attached to Defendant's motion to dismiss before this Court—filed on the same day as Plaintiffs' request. Therefore, the Court takes judicial notice of Defendant's submission. *See Ira S. Bushey & Sons, Inc. v. W. E. Hedger Transp. Corp.*, 167 F.2d 9, 12 & n.2 (2d Cir. 1948) (noting that a court may take "judicial notice of its own records" and "records of other cases in the same court.").

relationship with Defendant as Plaintiff Ergezer "drove for [Defendant] as a Subdriver under Plaintiff Cuhadar's corporate entity, HRC Enterprise Group." Dkt. No. 19, at ¶ 14. Defendant may thus argue that the terms of the agreement should be deemed to have been reasonably communicated to Plaintiff Ergezer. In light of the above, this Court finds that Defendant is likely to satisfy the first step of the analysis set forth in *Phillips*.

As for the second factor, a forum selection clause is considered mandatory where it either "'confers exclusive jurisdiction on the designated forum,'" or "'incorporates obligatory venue language.'" *Global Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011) (quoting *Phillips*, 494 F.3d at 386). The forum selection clause here, as outlined *supra*, notes that "courts of competent jurisdiction located in Dallas County, Texas shall have *sole and exclusive* jurisdiction. . . ." Dkt. No. 22-2, at 9. The terms "shall," "sole," and "exclusive" are terms indicating that the venue provision is obligatory, not permissive. *See, e.g.*, *LVAR, LP. v. Bermuda Commercial Bank Ltd.*, 649 Fed. App'x 25, 27 (2d Cir. 2016) (in forum selection context, "the word 'shall' renders the clause mandatory"); *Garcia*, 2018 WL 5818106, at *3 (interpretating contract terms to assess whether a venue provision is obligatory or permissive). Accordingly, the second factor is likely to be satisfied.

Finally, the Court must determine whether the scope of the forum selection clause encompasses the FLSA and NYLL claims at issue in this litigation. Courts in this Circuit have agreed that whether FLSA and NYLL claims are governed by an agreement's forum selection clause turns on the breadth or specificity of the forum selection clause at issue. *See, e.g., Garcia v. Golden Abacus, Inc.*, No. 16-CV-6252 (LTS), 2017 WL 2560007, at *2 (S.D.N.Y. June 13, 2017) (FLSA and NYLL claims outside scope of arbitration clause that was limited to specific claims, such as tort and breach of contract; FLSA duties are independent of any contractual duty);

7

*Garcia*, 2018 WL 5818106, at *4 (holding that FLSA and related state wage and hour claims were outside the scope of a forum selection clause that was limited to governing "this agreement" and did not contain "broadening language such as 'related to' and 'in connection with'"); *Pacheco v. St. Luke's Emergency Assocs., P.C.*, 879 F. Supp. 2d 136, 140-42 (D. Mass. 2012) (FLSA claims not subject to forum selection clause applying to "any dispute derived out of employment agreement"); *Crouch v. Guardian Angel Nursing, Inc.*, No. 3:07-CV-541, 2009 WL 3738095 (TAW), at *2-3 (M.D. Tenn. Nov. 4, 2009) (FLSA claim not governed by clause that applied to "any action to enforce any provision of this agreement"); *Perry v. Nat'l City Mortg., Inc.*, No. 05-CV-891 (DRH), 2006 WL 2375015, at *4-5 (S.D. Ill. Aug. 15, 2006) (forum selection clause applying to "this Agreement" did not apply to FLSA claims); *Saunders v. Ace Mortg. Funding, Inc.*, No. 05-1437, 2005 WL 3054594 (DWF) (SRN), at *3 (D. Minn. Nov. 14, 2005) (forum selection clause applying to "this contract" did not encompass FLSA claims because "Plaintiffs' FLSA claims do not depend on the existence of the employment contract").

Here, as to the third factor, a court may be inclined to find that the Agreement used broadening language incorporating FLSA and NYLL claims.  Specifically, the forum selection clause states that Texas courts "shall have sole and exclusive jurisdiction over any proceedings relating to or arising out of this Agreement." Dkt. No. 22-2, at 9.

Accordingly, Defendant may succeed on an argument premised on the incorporation of Plaintiffs' FLSA and NYLL claims—barring this action.  While motion practice is ongoing, Plaintiffs' claims may ultimately succeed and survive Defendant's motion to dismiss as such motion are ultimately resolved following the careful application of tools of contract interpretation not relevant at this juncture.  Nonetheless, the Court agrees that Defendant has met its burden to show a strong likelihood that Plaintiffs' claims may be unmeritorious.  The dispositive nature of

Defendant's pending motion to dismiss favors a stay of discovery to ensure that resources are not needlessly expended in discovery should Defendant succeed.

Additionally, "without taking any position on how the Court will ultimately rule," it appears that Defendant's arguments set forth in their anticipated Fed. R. Civ. P. 12(b)(1) motion are colorable and raise threshold challenges to the Court subject-matter jurisdiction. *See Renois v. WVMF Funding, LLC*, No. 20-CV-9281 (LTS) (DF), 2021 WL 1721818, at *1 (S.D.N.Y. Apr. 30, 2021) (granting a stay of discovery pending the resolution of Defendants' jurisdictional motion is warranted). The arguments Defendant sets forth appear, at least on their face, to challenge whether this Court has jurisdiction over Plaintiff's claims. Such jurisdictional challenges favor a stay of discovery.

### ii. The Remaining Factors Also Favor a Stay of Discovery

As to the risk of unfair prejudice and the burden of responding to discovery, the second and third factors also favor a stay of discovery. If Defendant is successful in dismissing Plaintiffs' FLSA claims, it is unlikely that the Court would have supplemental jurisdiction over Plaintiffs' remaining NYLL claims. Both of these factors therefore weigh in favor of a stay of discovery pending the outcome of the jurisdictional motion. *See, e.g., Boelter v. Hearst Communs., Inc.*, No. 15-CV-3934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting motion to stay discovery where, *inter alia*, the defendant's Rule 12(b)(1) motion raised "substantial arguments" concerning the plaintiff's lack of standing and the court's lack of jurisdiction); *United States v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (finding that the defendant "made an adequate showing of good cause to support the issuance of a stay" where the issues raised in its Rule 12(b)(1) motion were "strictly one[s] of law and d[id] not involve issues relating to the 'sufficiency' of the allegations," and, secondly, the motion, if successful, would have been

9

"dispositive of the entire action"). Indeed, the jurisdictional issues here appear to be "purely questions of law that are potentially dispositive" and particularly appropriate for a stay of discovery.

Additionally, the Court finds that it would be unduly burdensome for Defendant to respond to discovery requests until the Court resolves the potentially dispositive motion. It is true that "courts may authorize the discovery of information regarding an employer's employees prior to conditional certification 'in order to provide the court with sufficient information to determine whether certification is appropriate.'" *Burnett v. Wahlburgers Franchising LLC*, No. 16-CV-4602 (WFK) (CLP), 2017 WL 11504788, at *3 (E.D.N.Y. Dec. 6, 2017) (citing *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 490 (S.D.N.Y. 2016)); *Fei v. WestLB AG*, No. 07-CV-8785 (HB) (FM), 2008 WL 7863592 *2 (S.D.N.Y. Apr. 23, 2008) ("[C]onditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members... Indeed, the information that [plaintiff] seeks obviously will be of considerable help to [plaintiff] in his efforts to define the class . . . Furthermore, allowing [plaintiff] to discover the identity of potential opt-ins at an early stage may help the plaintiffs show that there are enough similarly-situated plaintiffs that the action should be conditionally certified."). But Plaintiffs' request may be mooted entirely should Defendant's motion to dismiss be granted and this action dismissed. Permitting class and collective-based discovery would thus serve to create an unnecessary burden should Defendant's motion to dismiss be resolved in its favor. *See Amron v. 3M Minn. Mining & Mfg. Co.*, No. 23-CV-8959 (PKC) (JMW), 2024 WL 263010, at *3 (E.D.N.Y. Jan. 24, 2024) ("The breadth of discovery here, as presented by Defendant, favors a stay because the parties could avoid substantial burden and waste of precious resources by staying discovery until the motion to dismiss has been decided.")

Accordingly, discovery in this action is **STAYED** pending the resolution of Defendant's motion to dismiss.

### B. Equitable Tolling

Plaintiffs argue, in the alternative, that this Court should toll the running of the statute of limitations as to the putative collective and class members to avoid prejudice pending the resolution of Defendant's motion to dismiss. Plaintiffs' request is **GRANTED**.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Mottahedeh v. United States*, 794 F.3d 347, 352 (2d Cir. 2015) (quotation omitted). "A statute of limitations may be tolled as necessary to avoid inequitable circumstances." *Santiago v. Cuisine By Claudette, LLC*, No. 23-CV-2675 (OEM) (JAM), 2023 WL 8003323, at *7 (E.D.N.Y. Nov. 17, 2023) (citing *Iavorski v. U.S. I.N.S.*, 232 F.3d 124, 129 (2d Cir. 2000)) (citations omitted). "Equitable tolling applies as a matter of fairness where a party has been prevented in some extraordinary way from exercising his rights." *Id*. Further, equitable tolling is considered "on a case-by-case basis to prevent inequity." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir.), *cert. denied*, 531 U.S. 968(2000).

For a FLSA action, "the statute of limitations applicable to a plaintiff's claim continues to run until [the plaintiff] file[s] a written consent with the court to join the lawsuit." *Aleman-Valdivia v. Top Dog Plumbing & Heating Corp.*, No. 20-CV-421 (LDH) (MMH), 2021 WL 4502479, at *2 (E.D.N.Y. Sept. 30, 2021) (citing 29 U.S.C. § 256(b)). "[C]ourts in this Circuit have permitted equitable tolling while the motion for conditional certification is before the court." *Id.* at *7 (citing *Fa Ting Wang v. Empire State Auto Corp.*, No. 14-CV-1491 (WFK) (VMS), 2015 WL 4603117,

11

at *14 (E.D.N.Y. July 29, 2015)); s*ee also Chui v. Am. Yuexianggui of LI LLC*, No.18-CV-5091 (SJF) (AKT), 2020 WL 3618892, at *10 (E.D.N.Y. July 2, 2020) ("Given the length of time that has passed since the instant motion was filed, and the diligence of Plaintiff's counsel in pursuing certification, the Court is granting equitable tolling from the date the motion was filed.").

In the context of FLSA conditional certification motions, there has indeed been an ongoing trend over in which courts have tolled the FLSA statute of limitations for potential opt-in plaintiffs. *See, e.g., Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 198-202 (S.D.N.Y. 2006); *Santiago*, 2023 WL 8003323, at *7 (acknowledging "an ongoing trend over at least the last 17 years."). The general principle in doing so derives from "[t]he fact that the statute of limitations for opt-in plaintiffs' FLSA claims runs until they actually join the lawsuit; it does not relate back to the filing of the named plaintiff's complaint." *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187 (AJN), 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014); *see also* 29 U.S.C. § 256(b).

Further, "for the purposes of establishing the statute of limitations under the FLSA, a new cause of action accrues with each payday following an allegedly unlawful pay period." *Lee*, 236 F.R.D. at 199 (citation omitted). Thus, "[c]ourts often begin counting back from the date of the conditional certification order since the statute of limitations on FLSA claims continues to run until a plaintiff consents to join the action." *Garriga v. Blonder Builders Inc.*, No. 17-CV-497(JMA)(AKT), 2018 WL 4861394, at *7 (E.D.N.Y. Sept. 28, 2018).

Importantly, "[w]here parties are ordered or agree by stipulation to suspend proceedings during the pendency of legal proceedings, the time during which a party is prevented from obtaining legal relief is not counted for purposes of statutes of limitations." *Lee*, 236 F.R.D. at 199 (holding that "in the interest of fairness, . . . the statute of limitations for potential collective action members [is] tolled"); *see also Coppernoll v. Hamcor, Inc.*, No. 16-CV-05936 (WHA),

2017 WL 1508853, at *1-4 (N.D. Cal. Apr. 27, 2017) (equitably tolling statute of limitations for potential opt-in plaintiffs during a court-ordered stay pending resolution of Supreme Court case during which plaintiffs could not engage in discovery, file motion for class certification, or receive approval to provide notice this action to putative class members); *Bolletino v. Cellular Sales of Knoxville, Inc.*, No. 12-CV-138, 2012 WL 3263941, at *8-12 (E.D. Tenn. Aug. 9, 2012) (granting plaintiffs' request for equitable tolling after granting defendant's motion to stay all proceedings to "prevent preclusion of claims based upon the delay in discovery and any collective action certification").

Here, as outlined *supra*, discovery is this action is stayed pending the resolution of Defendant's motion to dismiss. As "when there is a stay in place, courts routinely toll the [FLSA] limitation period during its pendency" (*ABC Carpet & Home*, 236 F.R.D. at 199), this Court finds that a stay is warranted in this instance. *Zambrano v. Strategic Delivery Sols., LLC*, 15-CV-8410 (ER), 2022 WL 3369597 (S.D.N.Y. Aug. 16, 2022). In *Zambrano*, the Court noted that "the stay, here, effectively grounded all proceedings and did not permit any plaintiff to seek conditionally certify a class and thereby notify other similarly situated drivers of the opportunity to opt into the action." *Id.*, at *9.

Much like the proceedings in *Zambrano*, the current stay also grounds all proceedings and precludes Plaintiffs from seeking to conditionally certify a class and thereby notify other similarly situated plaintiffs of the opportunity to opt into the action.

Therefore, in the interest of fairness, the Court holds that the statute of limitations will be tolled for a period between September 11, 2024 and the date of the resolution of Defendant's motion to dismiss.

13

### III. CONCLUSION

For the foregoing reasons, discovery in this action is stayed pending the resolution of Defendant's motion to dismiss. Correspondingly, the statute of limitations for Opt-in Plaintiffs will be tolled for a period between September 11, 2024 and the date of the resolution of Defendant's motion to dismiss.

Dated: Brooklyn, New York
       September 11, 2024

**SO ORDERED.**

*s/ Joseph A. Marutollo*
JOSEPH A. MARUTOLLO
United States Magistrate Judge

14